## Nelson G. Isbell v. Frank P. Kenyon.

*Chancery sales: Foreclosures: Holding open sale: Notice.* Where a defendant in a foreclosure suit has bid off the lands at the sale and asked for time to produce the money, and two days' time is given him and the sale is held open for the purpose and public announcement thereof made at the time, but he fails to make good his bid, and the sale is thereupon, at the time to which it was held open, proceeded with and the premises struck off and deeded to another, such latter sale will not be set aside at the instance of such defendant as matter of strict right and in the absence of any showing of equities, for the reason that it was made after the time when by the published notice the sale was advertised to take place.

*Submitted on briefs October 26. Decided November 2.*

Appeal in Chancery from Saginaw Circuit.

This was a foreclosure bill; and the appeal is from an order denying a motion to set aside the sale under the decree.

*S. L. Kilbourne*, for complainant.

*W. A. Clark*, for defendant, cited: *2 Barb., Ch. Pr., 527–539; Hoff. on Mast. in Ch., 418, 420; Leuts v. Craig, 13 How. Pr., 72; Van Busseam v. Maloney, 2 Metc. (Ky.), 550; Howlett v. Davis, 3 Ed. Ch., 338; Baring v. Moore, 5 Paige, 48; Jackson v. Warren, 32 Ill., 331; Miller v. Collyer, 36 Barb., 250; Jackson v. Edwards, 7 Paige, 387; Brown v. Frost, 10 Paige, 41; Clarkson v. Read, 15 Grat., 288; 4 M. & C., 515; 1 Sug. on Vend., 60; 2 Dan. Ch. Pr., 1280.*

COOLEY, J:

The only question in this case is whether the sale was invalid because of its being made after the time when it was advertised to take place. The defendant plants himself upon strict legal rights, and making no showing or claim of equities, insists that when the land is struck off to him, and

then time is given him to produce the money in, he may, if he shall please, decline to give it any further attention, and the proceedings are at an end, ·so that no sale can take place without a new advertisement of the time and place.

We have looked into the cases cited for the defendant and find none of them supporting such a doctrine. Nor is it a reasonable doctrine. The sale has been regularly advertised; the land is offered to bidders in pursuance of the notice, and is struck off to the defendant. He insisting upon a day in which to make the payment, the claim is conceded, and the sale is held open till the second day for the purpose. But the proceedings are not suffered to go down; on the contrary they are held open, and for no other conceivable purpose but to enable the commissioner to put up the lands a second time if the bid is not paid. Notifying the persons who were brought together by the published notice, that the sale would be thus held open, was all that would be requisite; and this would enable every one of them to appear and bid if he saw fit, and thus would accomplish all the purpose of the original notice. There can, therefore, be no presumption that the defendant or any one else has lost any thing by the course adopted. In strict law the practice was justifiable; and as already said, strict law is all the defendant has demanded in his motion to set aside the sale. The order denying the application must therefore be affirmed, with costs.

What we have said would have no bearing upon a case where the defendant comes with a showing of equities, or that the land was sold at a price grossly inadequate.

The other Justices concurred.